## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Cheri B. Dietrich,

                Plaintiff,

v.

National Railroad Adjustment Board
of the National Mediation Board,

                Defendant.

Civ. No. 15-1875 (PJS/BRT)

**REPORT AND RECOMMENDATION**

Cheri B. Dietrich, 15 E. Gilfillan Rd., North Oaks, MN 55127, *pro se* Plaintiff.

Chad A. Blumenfield, Esq., United States Attorney's Office, counsel for Defendant.

BECKY R. THORSON, United States Magistrate Judge.

      Cheri Dietrich has filed a civil complaint against the National Railroad Adjustment Board ("NRAB"), seeking review and reversal of nine arbitration awards that denied her administrative claims against her former employer, Soo Line Railroad Company.[1] (Doc. No. 1, Compl. 3–7.) The NRAB has moved for dismissal or, in the alternative, for summary judgment on Dietrich's complaint, asserting that it is not a proper party to an action challenging one of its arbitration decisions. (Doc. No. 10, Def.'s Mot. to Dismiss; Doc. No. 11, Def.'s Mem. 2–7.) For the reasons stated below, this Court

---

[1] The record indicates that Dietrich retired on August 1, 2008, during the pendency of the arbitration proceedings before the NRAB. (*See* Doc. No. 13, Administrative Record, Attach. 1 at 3.)

agrees that the NRAB is not a proper party to this case and therefore recommends that its motion to dismiss be granted.

## I.  BACKGROUND

On November 6, 2008, Dietrich filed nine arbitration claims with the Third Division of the NRAB, alleging that Soo Line Railroad Company had breached its collective bargaining agreement with the Transportation Communications Union when it refused to award her posted positions that she had applied for as a shipping documentation service representative, accounting service representative, rate maintenance representative, and pay services auditing clerk. (Doc. No. 13, Administrative Record ("AR"), Attach. 1 at 37–46.) The positions were either given to employees with less seniority than Dietrich or to no one at all. (*See* AR, Attach. 3 at 2, Attach. 4 at 1, Attach. 5 at 2, Attach. 6 at 2, Attach. 7 at 2, Attach. 8 at 2, Attach. 9 at 2.) Soo Line Railroad denied that it had breached the collective bargaining agreement, largely on the asserted basis that Dietrich did not possess the minimum requirements or qualifications for the positions in question. (AR, Attach. 3 at 1–8, Attach. 4 at 1–7, Attach. 5 at 1–8, Attach. 6 at 1–7, Attach. 7 at 1–7, Attach. 8 at 1–8, Attach. 9 at 1–6.)

On October 16, 2012, after receiving the parties' submissions, the NRAB notified Dietrich and Soo Line Railroad that a hearing would be held on November 15, 2012, "for the purpose of considering the evidence that has been submitted, hearing argument, and rendering an award in this case," and that "[a]dditional written or oral evidence may not

be presented at the hearing as the docket is complete in accordance with Circular No. 1."[2] (AR, Attach. 10 at 2.) Approximately one week before the scheduled administrative hearing, Dietrich informed the NRAB by letter that she would "not be able to attend" the hearing. (AR, Attach. 10 at 1.) Dietrich's letter did not explain why she was unable to attend; instead, she expressed "faith that [the NRAB] will give the above cases due consideration" and that she would "anxiously be awaiting [its] decision." (*Id.*) The administrative hearing evidently proceeded as planned and, on April 24, 2013, the NRAB issued nine separate awards denying each of Dietrich's claims against Soo Line Railroad. (*See* Compl., Attach. 1 at 1–18.) Each award summarily stated that "[t]he Board carefully reviewed the record before it and has concluded that the claim is without merit." (*Id.*)

Dietrich filed her current complaint against the NRAB in April 2015, invoking the judicial review provision of the Railway Labor Act ("RLA"), 45 U.S.C. § 153 First (q), and requesting reversal of the nine arbitration awards on the ground that the NRAB failed to "follow proper procedure[s] and deliver findings in [its] awards and [] resolve [the] disputes in a timely manner." (Compl. 6–7.) Dietrich bases her request for reversal on five alleged errors committed by the NRAB: (1) she did not receive notice or copies of the arbitration awards until July 17, 2013, past the purported May 15, 2013 deadline for the NRAB to issue the awards; (2) the awards themselves did not contain any particular findings; (3) the awards were not drawn "from the essence of the collective bargaining agreement," as evidenced by the absence of "any statements as to why [her] arguments"

---

[2] Circular No. 1 refers to the NRAB's internal regulations, which are codified at 29 C.F.R. pt. 301.

that she was the most senior applicant for each of the nine positions "did or did not support the contract"; (4) the copies of the awards that she received did not contain a signature from the NRAB's Secretary, as required by Circular No. 1; and (5) the NRAB's hearing notice stated that "additional written or oral evidence may not be presented at the hearing as the docket is complete in accordance with Circular No. 1."[3] (*Id.* at 4–6.)

The NRAB has moved for either dismissal or summary judgment on Dietrich's complaint, citing numerous cases for the proposition that "neither the arbitration forum nor the individual arbitrator is a proper party to proceedings seeking judicial review of their awards" under 45 U.S.C. § 153 First (q), which is the exclusive mechanism for challenging an NRAB award in federal court. (Def.'s Mem. at 3–7.)

## II. ANALYSIS

The RLA requires covered carriers and their employees to arbitrate labor disputes arising under a collective bargaining agreement before the NRAB, a specialized tribunal established by Congress to adjudicate such disputes after internal attempts at resolution have failed. *See Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 71–74 (2009); *see also* 45 U.S.C. § 153 First (h)–(i). If the parties fail to resolve a grievance through internal procedures, either party may refer the matter to the NRAB by filing notice with the appropriate division and

---

[3]   As to the last claim of error, Dietrich states: "I did receive a notice for the hearing on November 15, 2012. It was my intention to attend this hearing however, the letter stated that 'additional written or oral evidence may not be presented at the hearing as the docket is complete in accordance with Circular No. 1.'" It is not clear whether Dietrich is challenging the substance of the notice, or simply justifying her decision not to attend the arbitration hearing.

then submitting "a full statement of the facts and all supporting data bearing upon the dispute[]." 45 U.S.C. § 153 First (i); *see* 29 C.F.R. § 301.5. Thereafter, the RLA affords the parties an opportunity to "be heard either in person, by counsel, or by other representatives" and requires the NRAB to "give notice of all hearings," to issue an award that "shall be stated in writing," and to furnish the parties with "[a] copy of the award[]." 45 U.S.C. § 153 First (j), (m); *see also* 29 C.F.R. § 301.7(a) ("Oral hearings will be granted if requested by the parties or either of them and due notice will be given the parties of the time and date of the hearing.").

Once the NRAB issues its decision, an aggrieved party may file a petition for judicial review pursuant to 45 U.S.C. § 153 First (q), which grants a district court "jurisdiction to affirm the order of the [NRAB], or to set it aside, in whole or in part, or [to] remand the proceedings to the [NRAB] for such further action as it may direct." Judicial review under § 153 is the exclusive means for challenging an NRAB decision in court. *See Radin v. United States*, 699 F.2d 681, 687 (4th Cir. 1983); *Sys. Fed'n, No. 30, Ry. Emps. Dep't, AFL-CIO v. Braidwood*, 284 F. Supp. 607, 610 (N.D. Ill. 1968). And the scope of such review is "among the narrowest known to the law," allowing a court to set aside an NRAB decision only on three limited statutory grounds — (1) for failure to comply with the provisions of the RLA; (2) for failure to confine itself to matters within the scope of its jurisdiction; and (3) for fraud or corruption by an NRAB member. *Goff v.*

*Dakota, Minn. & E. R.R. Corp.*, 276 F.3d 992, 995–96 (8th Cir. 2002) (citing 45 § 153 First (q)).[4]

While Dietrich rightly invokes the judicial review provision of the RLA, which constitutes her only means of challenging the NRAB's decisions in federal court, she has named the wrong adversary. Courts have consistently held that the NRAB is not a proper party to a suit challenging one of its arbitration awards under § 153; its role in such proceedings is limited to filing the administrative record with the district court. *See Radin*, 699 F.2d at 686; *Skidmore v. Consol. Rail Corp.*, 619 F.2d 157, 159 (2d Cir. 1979); *Merchants Despatch Transp. Corp. v. Sys. Fed'n No. One Ry. Emps. Dep't AFL-CIO Carmen*, 444 F. Supp. 75, 76–77 (N.D. Ill. 1977); *Fong v. Am. Airlines, Inc.*, 431 F. Supp. 1340, 1341–42 (N.D. Cal. 1977); *Sys. Fed'n, No. 30*, 284 F. Supp. at 610; *see also* 45 U.S.C. § 153 First (q) ("The Adjustment Board shall file in the court the record of the proceedings on which it based its action."). Because a petition for review under § 153 "is

---

[4] The judicial review provision of the RLA specifically provides that "the findings and order of the [NRAB] shall be conclusive on the parties, except that the order . . . may be set aside . . . for failure of the [NRAB] to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the [NRAB's] jurisdiction, or for fraud or corruption by a member of the [NRAB] making the order." 45 U.S.C. § 153 First (q). Given these limited categories, courts are not authorized to review an NRAB decision "on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement"; so long as the NRAB is "even arguably construing or applying the contract and acting within the scope of its authority, the fact that a court is convinced [it] committed serious error does not suffice to overturn [its] decision." *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Ry. Co.*, 312 F.3d 943, 946 (8th Cir. 2002); *see also Union Pac. R.R. Co. v. Sheehan*, 439 U.S. 89, 93 (1979) ("The dispositive question is whether the party's objections to the Adjustment Board's decision fall within any of the three limited categories for review provided for in the [RLA] . . . . We have time and again emphasized that this statutory language means just what it says.").

essentially a continuation of the proceedings before the [NRAB] to which the carrier alone was a party defendant," and because the NRAB "sits merely as an adjudicative body" without legislative or prosecutorial functions," the proper parties to a review proceeding are "the same as those before the agency," which in this case is Dietrich and Soo Line Railroad. *See Sys. Fed'n, No. 30*, 284 F. Supp. at 610–11. As the Fourth Circuit has ably explained:

> [T]he NRAB is an improper defendant in suits challenging an award because of its role as an impartial adjudicatory tribunal. The NRAB does not formulate policy or enforce laws, but acts as a specialized arbitrator to adjust minor disputes between regulated carriers and their employees. An arbitration tribunal, much like a trial court, is not properly a party to an action challenging the validity of its decision. An appellate court reviews the judgment of the trial court; similarly, a district court under § 153 First (q) reviews the award of the NRAB, with the same parties in the district court that initiated the arbitration.

*Radin*, 699 F.2d at 686. Contrary to Dietrich's arguments, the fact that an NRAB decision is subject to judicial review and that the NRAB may have committed errors in resolving a particular labor dispute does not mean that it is a proper party to a suit challenging an arbitration award under § 153. (*See* Doc. No. 18, Pl.'s Mem. 2–4.)

Accordingly, this Court recommends that the NRAB's motion to dismiss be granted and that Dietrich's complaint be dismissed without prejudice. This Court further recommends that Dietrich be given fourteen days to file an amended complaint naming Soo Line Railroad Company as the sole defendant.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

  1.  The NRAB's motion to dismiss or, in the alternative, for summary judgment (Doc. No. 10) be **GRANTED**;

  2.  Dietrich's complaint (Doc. No. 1) be **DISMISSED WITHOUT PREJUDICE**; and

  3.  Dietrich be given fourteen days to file an amended complaint consistent with the Court's order.


Date:  September 8, 2015

            *s/ Becky R. Thorson*
            BECKY R. THORSON
            United States Magistrate Judge


## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report by **September 22, 2015**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.